**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARIA S. EYRE** | : | |
| **Plaintiff,** | : | **C.A. 05-529 ML** |
| | : | |
| **VS.** | : | |
| | : | |
| **AMERIQUEST MORTGAGE** | : | |
| **COMPANY** | : | |
| **Defendant** | : | |

## AMENDED COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiff Maria S. Eyre resides at 661 Jepson Lane, Middletown, RI 02842.

5. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

6. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about April 2, 2004 Plaintiff obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, the Plaintiff received or signed the following documents:

1. A note in the principal amount of $195,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibits A;
5. A One Week Cancellation Period form; attached as Exhibit B; and

6. A HUD-1 Settlement Statement.

11. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

**(a) Consumer's right to rescind.**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's**

**principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

12. The copies of the notice of right to cancel actually delivered to Plaintiff were defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

13. Upon information and belief, Ameriquest disbursed the loan proceeds on April 2, 2004 as indicated by a mortgage payoff letter as incorporated by reference and attached as Exhibit C.

14. On or about November 23, 2005 the Plaintiff exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit D.

15. In a letter dated December 6, 2005, attached as Exhibit E, Ameriquest denied the

Plaintiff's request to rescind the mortgage.

## COUNT I - TRUTH IN LENDING ACT

16. Plaintiff incorporates ¶¶ 1-15 as if fully set out herein.

17. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give Plaintiff clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

18. In the alternative, Plaintiff alleges that any material disclosures deemed to be received by her were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (Exhibit B) detracts from and obfuscates the Notice of Right to Cancel (Exhibit A) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; (2)

19. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

20. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Ameriquest as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre